UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| C.S.J. LIMITED LIABILITY CO., <br><br> Plaintiff, <br><br> v. <br><br> AMGUARD INSURANCE COMPANY, <br><br> Defendant. | Civil Action No.: 2:20-cv-08253-JMV-MF <br><br> **ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant, AmGUARD Insurance Company ("AmGUARD"), by its undersigned attorneys, Finazzo Cossolini O'Leary Meola & Hager, LLC, by way of Answer to Plaintiff's Complaint herein, states and alleges as follows:

## NATURE OF THE CASE

1. Denies the allegations contained in Paragraph 1 of the Complaint to the extent they allege that benefits are "owed under an insurance policy, which have not been paid, as a result of a claim for damage related to water damage." The remaining allegations contained in Paragraph 1 of the Complaint constitute a description of Plaintiff's action to which no response is required.

2. As to the allegations in Paragraph 2 of the Complaint, AmGUARD states that the policy in question is a document which speaks for itself.

3. Denies the allegations contained in Paragraph 3 of the Complaint.

## PARTIES

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. Admits the allegations contained in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

6. Denies the allegations contained in Paragraph 6 of the Complaint to the extent they allege that AmGUARD failed to pay benefits to the Plaintiff. The remaining allegations constitute a legal conclusion to which no response is required.

7. The allegations contained in Paragraph 7 of the Complaint constitute a legal conclusion for which no response is required. Furthermore, the allegations are no longer relevant, as AmGUARD has properly removed this matter from the Superior Court, Law Division, to this Court.

8. The allegations contained in Paragraph 8 of the Complaint constitute a legal conclusion for which no response is required.

## FACTS COMMON TO ALL COUNTS

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Denies the allegations contained in Paragraph 11 of the Complaint, except to admit that AmGUARD issued a policy to Plaintiff for the policy period of October 14, 2018 to October 14, 2019, and that the policy in question is a document which speaks for itself.

12. Admits the allegations contained in Paragraph 12 of the Complaint.

13. Denies the allegations contained in Paragraph 13 of the Complaint, and refers the Court to the insurance policy in question, which is a document that speaks for itself.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Denies the allegations contained in Paragraph 16 of the Complaint, except to admit that AmGUARD received notice of a claim for damage to the Property on June 13, 2019.

17. Denies the allegations contained in Paragraph 17 of the Complaint. AmGUARD assigned claim number CSBP916197-002-002-002.

18. Admits the allegations contained in Paragraph 18 of the Complaint.

19. Denies the allegations contained in Paragraph 19 of the Complaint, except to admit that AmGUARD has acknowledge coverage for the claim pursuant to the terms and conditions of the Policy.

20. Denies the allegations contained in Paragraph 20 of the Complaint, except to admit that AmGUARD has paid $536,476.93, the full amount due and owing under the Policy.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, except to denied that AmGUARD's coverage determination was in error.

23. Denies the allegations contained in Paragraph 23 of the Complaint.

24. Denies the allegations contained in Paragraph 24 of the Complaint.

25. Denies the allegations contained in Paragraph 25 of the Complaint.

26. Denies the allegations contained in Paragraph 26 of the Complaint.

27. Denies the allegations contained in Paragraph 27 of the Complaint.

28. Denies the allegations contained in Paragraph 28 of the Complaint.

29. Denies the allegations contained in Paragraph 29 of the Complaint.

30. Denies the allegations contained in Paragraph 30 of the Complaint to the extent they allege that AmGUARD's breached the contract and to the extent they allege that alleged breach of contract caused Plaintiff's damages. AmGUARD denies knowledge or information sufficient to form a belief as to the truth of the allegation that "Plaintiff has suffered and continues to suffer" damages.

31. Denies the allegations contained in Paragraph 31 of the Complaint.

## COUNT ONE – Breach of Contract

32. AmGUARD incorporates by reference the responses to the allegations set forth in Paragraphs 1 through 31 as if set forth in full herein.

33. Denies the allegations contained in Paragraph 33 of the Complaint, except to admit that AmGUARD issued a policy of insurance to Plaintiff, which provides coverage pursuant to the terms and conditions contained therein, and said policy is a document which speaks for itself.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint, except to deny the allegations to the extent they allege Plaintiff sustained covered losses which were not paid.

35. Denies the allegations contained in Paragraph 35 of the Complaint.

36. Denies the allegations contained in Paragraph 36 of the Complaint.

37. Denies the allegations contained in Paragraph 37 of the Complaint.

38. Denies the allegations contained in Paragraph 38 of the Complaint.

## COUNT TWO – Breach of Implied Covenant of Good Faith and Fair Dealing

39. AmGUARD incorporates by reference the responses to the allegations contained in Paragraphs 1 through 38 of the Complaint as if set forth in full herein.

40. Denies the allegations contained in Paragraph 40 of the Complaint, except to admit that AmGUARD did issue an insurance policy to Plaintiff, which policy is a document that speaks for itself.

41. Denies the allegations contained in Paragraph 41 of the Complaint.

42. Denies the allegations contained in Paragraph 42 of the Complaint.

   a. Denies the allegations contained in Paragraph 42.a of the Complaint.

   b. Denies the allegations contained in Paragraph 42.b of the Complaint.

   c. Denies the allegations contained in Paragraph 42.c of the Complaint.

   d. Denies the allegations contained in Paragraph 42.d of the Complaint.

   e. Denies the allegations contained in Paragraph 42.e of the Complaint.

   f. Denies the allegations contained in Paragraph 42.f of the Complaint.

   g. Denies the allegations contained in Paragraph 42.g of the Complaint.

43. Denies the allegations contained in Paragraph 43 of the Complaint.

44. Denies the allegations contained in Paragraph 44 of the Complaint.

45. Denies the allegations contained in Paragraph 45 of the Complaint to the extent they allege that AmGUARD breached the covenant of good faith and fair dealing. Denies knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff has and continues to suffer damages.

## COUNT THREE – Consumer Fraud Act

46. AmGUARD incorporates by reference the responses to the allegations set forth in Paragraphs 1 through 45 as if set forth in full herein.

47. The allegations contained in Paragraph 47 contain a legal conclusion to which no response is required. To the extent a response is required, AmGUARD admits the allegations contained in Paragraph 47 of the Complaint.

48. Denies the allegations contained in Paragraph 48 of the Complaint, except to admit that AmGUARD issued an insurance policy to the Plaintiff.

49. Denies the allegations contained in Paragraph 49 of the Complaint.

50. Denies the allegations contained in Paragraph 50 of the Complaint.

    a. Denies the allegations contained in Paragraph 50.a of the Complaint.

    b. Denies the allegations contained in Paragraph 50.b of the Complaint.

    c. Denies the allegations contained in Paragraph 50.c of the Complaint.

    d. Denies the allegations contained in Paragraph 50.d of the Complaint.

    e. Denies the allegations contained in Paragraph 50.e of the Complaint.

    f. Denies the allegations contained in Paragraph 50.f of the Complaint.

    g. Denies the allegations contained in Paragraph 50.g of the Complaint.

    h. Denies the allegations contained in Paragraph 50.h of the Complaint.

    i. Denies the allegations contained in Paragraph 50.i of the Complaint.

    j. Denies the allegations contained in Paragraph 50.j of the Complaint.

    k. Denies the allegations contained in Paragraph 50.k of the Complaint.

51. Denies the allegations contained in Paragraph 51 of the Complaint.

## **AFFIRMATIVE DEFENSES**

AmGUARD asserts the following affirmative defenses without assuming any burden of proof or persuasion.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the doctrines of Laches, Estoppel, and Waiver.

## THIRD AFFIRMATIVE DEFENSE

1. AmGUARD issued a BizGUARD Plus Businessowner's Policy, Policy No. CSBP916197 (the "Policy") to C.S.J, Limited Liability Co., which contained A Businessowner's Coverage Form BP 00 03 01 10, which states, in relevant part:

**SECTION I – PROPERTY**

…

   **E. Property Loss Conditions**

     …

    **5. Loss Payment**

      In the event of loss or damage covered by this policy:

      **a.** At our option, we will either:

         **(1)** Pay the value of lost or damaged property;

         **(2)** Pay the cost of repair or replacing the lost or damaged property;

         **(3)** Take all or any part of the property at an agreed or appraised value; or

         **(4)** Repair, rebuild or replace the property with other property of like kind and quality, subject to Paragraph **d.(1)(e)** below.

      …

      **d.** Except as provided in Paragraphs **(2)** through **(7)** below, we will determine the value of Covered Property as follows:

7

>> **(1)** At replacement cost without deduction for depreciation, subject to the following:
>
>> …
>
>> **(d)** We will not pay on a replacement cost basis for any loss or damage:
>
>>> **(i)** Until the lost or damaged property is actually repaired or replaced; and
>
>>> **(ii)** Unless the repairs or replacement are made as soon as reasonably possible after the loss or damage.

2. To date, AmGUARD has paid $345,000 to Upper Restoration, a contractor who performed mitigation services following the incident.  AmGUARD has also paid an additional $535,476.93, representing the actual cash value of the estimate to repair the property in question.

3. Upon information and belief, to date, no repairs have been performed at the property other than those performed by Upper Restoration. Therefore, AmGUARD is under no obligation to pay the replacement cost value at this time, and has fulfilled all of its obligations under the Policy.

<u>**FOURTH AFFIRMATIVE DEFENSE**</u>

1. The Policy also states:

**SECTION I – PROPERTY**

…

> **f. Business Income**
>
>> **(1) Business Income**
>
>>> **(a)** We will pay for the actual loss of Business Income you sustain due to the necessary suspension of your "operations" during the "period of restoration". The suspension must be caused by direct physical loss of or damage to property at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss. …

>> With respect to the requirements set forth in the preceding paragraph, if you occupy only part of the site at which the described premises are located, your premises means:
>
>> **(i)** The portion of the building which you rent, lease or occupy; and
>
>> **(ii)** Any area within the building or on the site at which the described premises are located, if that area services, or is used to gain access to, the described premises.
>
> **(b)** We will only pay for loss of Business Income that you sustain during the "period of restoration" and that occurs within 12 consecutive months after the date of direct physical loss or damage. We will only pay for ordinary payroll expenses for 60 days following the date of direct physical loss or damage, unless a greater number of days is shown in the Declarations.
>
> **(c)** Business Income means the:
>
>> **(i)** Net Income (Net Profit or Loss before income taxes) that would have been earned or incurred if no physical loss or damage had occurred, but not including any Net Income that would likely have been earned as a result of an increase in the volume of business due to favorable business conditions caused by the impact of the Covered Cause of Loss on customers or on other business; and
>
>> **(ii)** Continuing normal operating expenses incurred, including payroll.

2. To date, AmGUARD has made a $100,000 advance payment to Plaintiff for lost Business Income.

3. To date, Plaintiff has not provided documents to support any further Business Income losses, relying almost exclusively on the alleged amount of lost rent under a lease with its tenant.

4. Therefore, Plaintiff is not entitled to any further Business Income loss payments.

<b><u>FIFTH AFFIRMATIVE DEFENSE</u></b>

1. The Policy also states:

**SECTION I – PROPERTY**

....

E.  **Property Loss Conditions**

…

    3.  **Duties In The Event Of Loss Or Damage**

        a.  You must see that the following are done in the event of loss or damage to Covered Property:

          …

        **(6)** As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

        Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

        …

        **(8)** Cooperate with us in the investigation or settlement of the claim.

        **(9)** Resume all or part of your "operations" as quickly as possible.

2.  The Insured has breached the Duties In The Event Of Loss Or Damage provision of the policy, and therefore is barred from recovery under the Policy.

**<u>SIXTH AFFIRMATIVE DEFENSE</u>**

1.  The Policy also provides, in relevant part:

**SECTION I – PROPERTY**

....

E.  **Property Loss Conditions**

…

    **4. Legal Action Against Us**

    No one may bring a legal action against us under this insurance unless:

    **a.** There has been full compliance with all of the terms of this insurance; and

    **b.** The action is brought within two years after the date on which the direct physical loss or damage occurred.

2.    As discussed in the Fifth Affirmative Defense, Plaintiff has failed to comply with the Duties In The Event Of Loss Or Damage provision of the Policy.

3.    Plaintiff's failure to comply with the provisions of the Policy bars Plaintiff from any recovery thereunder.

## SEVENTH AFFIRMATIVE DEFENSE

In the event it is determined that any coverage should be afforded to Plaintiff under the Policy for the claims that Plaintiff makes in this action, which AmGUARD disputes, such coverage would be subject to any and all Deductibles, Limits of Insurance, Co-Insurance, "Other Insurance," and Loss Payment and Valuation provisions of the Policy.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint does not describe Plaintiff's claims with sufficient particularity to allow Defendant to determine such other defenses that they may have in response to Plaintiff's claims and/or causes of action and, therefore, Defendant reserves the right to assert any and all defenses (policy-based and otherwise) which may be pertinent to Plaintiff's claims once the precise nature of the claims is ascertained.

## NINTH AFFIRMATIVE DEFENSE

Defendant reserves all of its rights and defenses under the Policy, and further reserves its right to amend its Answer or supplement its Affirmative Defenses in accordance with any additional information developed during course of discovery or otherwise in this litigation.

**WHEREFORE,** Defendant AmGUARD Insurance Company, hereby demands judgment by this Honorable Court as follows:

(a) Dismissing Plaintiff's Complaint against AmGUARD with prejudice;

(b) Awarding AmGUARD its costs and expenses;

(c) Granting AmGUARD all other relief as this Court deems to be just, equitable and appropriate.

Dated: July 27, 2020

                          **FINAZZO COSSOLINI O'LEARY MEOLA & HAGER, LLC**

                          By:    */s/ Jeremiah O'Leary*
                                 JEREMIAH O'LEARY, ESQ.
                                 67 East Park Place – Suite 901
                                 Morristown, NJ 07960
                                 Phone: (973) 343-4960
                                 Fax:   (973) 343-4970
                                 Jeremiah.Oleary@finazzolaw.com
                                 *Attorneys for AmGUARD Insurance Company*

## **JURY DEMAND**

Defendant AmGUARD Insurance Company hereby demands a trial by jury on all issues so triable.

Dated: July 27, 2020

                                      **FINAZZO COSSOLINI O'LEARY MEOLA & HAGER, LLC**

By:    */s/ Jeremiah O'Leary*
        JEREMIAH O'LEARY, ESQ.
        67 East Park Place – Suite 901
        Morristown, NJ 07960
        Phone: (973) 343-4960
        Fax:   (973) 343-4970
        Jeremiah.Oleary@finazzolaw.com
        *Attorneys for AmGUARD Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of July, 2020, I electronically filed the foregoing Answer and Affirmative Defenses with the Clerk of the United States District Court for the District of New Jersey using the CM/ECF system, which sent notification of the filing to the below counsel of record for Plaintiff, and caused the same to be served by electronic mail upon the following:

**Jason M. Cieri, Esq.**
Merlin Law Group, P.A,
125 Half Mile Road
Suite 201
Red Bank, New Jersey 07701
*Attorneys for Plaintiff*

/s/ *Jeremiah O'Leary*
JEREMIAH O'LEARY, ESQ.