# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| C.S.J. LIMITED LIABILITY CO., | Civil Action No.: 2:20-cv-08253-JMV-MF |
| Plaintiff, | |
| v. | **JOINT PROPOSED DISCOVERY PLAN** |
| AMGUARD INSURANCE COMPANY, | |
| Defendant. | |

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

    Jason M. Cieri, Esq.
    Javier Delgado, Esq. (admitted *pro hac vice*)
    125 Half Mile Road, Suite 201
    Red Bank, New Jersey 07701
    Phone: 732-704-4647
    Fax: 732-704-4651
    *Attorneys for Plaintiff C.S.J.*
    *Limited Liability Co.*

    Jeremiah L. O'Leary, Esq.
    Frank G. Molfetta, Esq.
    Finazzo Cossolini O'Leary Meola & Hager, LLC
    67 East Park Place
    Suite 901
    Morristown, New Jersey 07960
    Phone: 973-343-4960
    Fax: 973-343-4970
    *Attorneys for Defendant AmGUARD*
    *Insurance Company*

2. Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.

PLAINTIFF'S STATEMENT

This is a first-party insurance claim dispute by the insured, CSJ Limited Liability Co. ("CSJ"), against their insurer, AmGuard Insurance Company ("AmGuard") for insurance proceeds due and owing under their insurance policy, policy number CSBP916197.

On or about June 13, 2019, CSJ's property, located at 79 Two Bridges Road, Fairfield, NJ 07004, sustained heavy water damage due to a significant leak in the roof, a covered peril under the insurance policy. CSJ promptly reported the loss to AmGuard and allowed their duly authorized representatives to adjust the claim. AmGuard inspected the loss and ultimately paid $873,476.93 for building damages and $100,000 for lost rental income stemming from the covered cause of loss. CSJ indicated this amount was woefully inadequate to repair the actual damages sustained.

After the undisputed amount was paid, CSJ was forced to hire its own representatives to determine the true amount of damages it sustained. After CSJ's representatives inspected the property, CSJ presented an estimate to AmGuard in the amount of $5,207,970.35 to fully repair the building damages sustained by the covered cause of loss. AmGuard ignored CSJ's estimate and refused to compensate CSJ any further.

DEFENDANT'S STATEMENT

This is an insurance coverage dispute between Plaintiff C.S.J. Limited Liability Co. ("CSJ") and Defendant AmGUARD Insurance Company ("AmGUARD") for property damage occurring to real property located at 79 Two Bridges Road, Fairfield, New Jersey (the "Property').

The alleged property damage arises from work performed by non-party Custom Roofing and Paving ("Custom Roofing") on or about June 12, 2019. After finishing work for the day on June 12, 2019, Custom Roofing did not properly cover that portion of the roof on which they were working. In the overnight hours of June 12, 2019 into June 13, 2019 rain water allegedly entered the Insured premises causing damage to the interior of the Property.

CSJ subsequently reported the claim to AmGUARD on or about June 13, 2019. In the subsequent months, AmGUARD paid CSJ approximately $880,476.93 to repair the alleged damage to the interior of the building. AmGUARD also issued a $100,000 advance against an alleged loss of business income claim. AmGUARD's belief is that it has fulfilled its obligations under the parties' contract of insurance.

3. Have settlement discussions taken place? Yes _____ No _____X_____

    (a) What was plaintiff's last demand?

$5,207,970.35 not including interest, costs, or other extra-contractual damages

       (1)     Monetary demand: $ 5,207,970.35
       (2)     Non-monetary demand: None

   (b)    What was defendant's last offer?

None.

       (1)     Monetary offer: $ 0.00
       (2)     Non-monetary offer: None

4. The parties have _X_ have not____ met pursuant to Fed. R. Civ. P. 26(f).

5. The parties have___ have not _X_ exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

   Parties will exchange this information following the Rule 16 conference pursuant to the schedule outlined below.

6. Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1).

   None.

7. The parties have___ have not _X_ conducted discovery other than the above disclosures. If so, describe.

8. Proposed joint discovery plan:

   (a) Discovery is needed on the following subjects: On all claims asserted by Plaintiff, including, the bases for the claim, the bases for all alleged damages, all circumstances surrounding the cause of the damage and the repair, and all other allegations in the Complaint.

   (b) Discovery should ___ should not _X_ be conducted in phases or be limited to particular issues.

   (c) Proposed Schedule:

      (1)   Fed. R. Civ. P. 26 Disclosures   10/9/20.

      (2)   E-Discovery conference pursuant to L. Civ. R. 26.1(d) – Specified in Paragraph 10 below.

      (3)   Service of initial written discovery    12/6/20.

      (4)   Maximum of ___25___ Interrogatories by each party to each other party.

  (5) Maximum of __10__ depositions to be taken by each party.

  (6) Motions to amend or to add parties to be filed by 2/5/21.

  (7) Factual discovery to be completed by 4/2/21.

  (8) Plaintiff's expert report due on 4/30/21.

  (9) Defendant's expert report due on 5/28/21.

  (10) Expert depositions to be completed by 9/31/21.

  (11) Dispositive motions to be served within 30 days of completion of all discovery

 (d) Set forth any special discovery mechanism or procedure requested.

 None.

 (e) A pretrial conference may take place on _____

 (f) Trial date: _____ (__X__ Jury Trial; _____ Non-Jury Trial)

9. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? Yes _X___ No ___

10. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced? Yes ___ No __X__

The Parties anticipate that electronic data may be requested and/or produced. The Parties believe that such production will be limited to data readily available to the Parties in the ordinary course of business.

With regard to issues related to disclosure or discovery of electronically stored information (ESI), including the form or forms (i.e., TIFF, PDF, or Native; with or without metadata; searchable or not), the Parties agree to produce the following specific ESI in their native digital formats, to the extent possible, for functionality and completeness: 1) emails (e.g., .pst, .ost, .msg, .mht, .eml, mbox, etc.); 2) photographs (e.g., jpeg., png., gif., etc.); 3) videos (e.g., mpg, mp4, etc.); 4) spreadsheets (e.g., .xls or .xlsx, etc.); and 5) Xactimate or similar estimating program files (e.g., .esx or .sfz,, etc.).

The Parties generally do not anticipate having to produce or request metadata, except for the metadata generally associated with the above agreed 'native digital format' production of emails, photographs, videos, spreadsheets and Xactimate or similar estimating program files. The Parties reserve the right to request 'native digital format' production for

specifically identified documents, such as Word or .doc or .docx, which require native digital format to maintain functionality and/or usable form and/or for completeness.

The Parties will take reasonable measures to preserve such discoverable electronic data. If privileged or protected electronic data is inadvertently produced, the producing party shall notify the Party to whom the information was produced within ten (10) days of discovery and request that the inadvertently disclosed information be destroyed or returned.

The Parties will cooperate in good faith in resolving any other issues regarding electronic data before requesting intervention by the Court. For scanned or converted paper documents maintained in an electronic version of paper format, the Parties agree to produce their documents in searchable PDF or PDF/A, if possible.

11. Do you anticipate entry of a Discovery Confidentiality Order See L.Civ.R. 5.3(b) and Appendix S

    Yes.

12. Do you anticipate any discovery problem(s) not listed above? Describe.
    Yes _____ No __X__

13. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

    This case is not appropriate for voluntary arbitration at this time due to the need for fact discovery on critical, potentially dispositive, issues. The parties are open to re-visiting the possibility of arbitration at the conclusion of fact discovery.

14. Is this case appropriate for bifurcation? Yes _X_ No _._

    Based on well-established case law, Plaintiff's extra-contractual bad faith claims must be severed and stayed pending the resolution of the underlying insurance coverage dispute.

15. An interim status/settlement conference (with clients in attendance), should be held in  February, 2021  .

16. We [do _____ do not __X__] consent to the trial being conducted by a Magistrate Judge.

17. Identify any other issues to address at the Rule 16 Scheduling Conference.

    No other issues to address.

*/s/ Jason Cieri* __          09/22/2020_____
Attorney(s) for Plaintiff(s) / Date


*/s/ Frank G. Molfetta*     09/22/2020_____
Attorney(s) for Defendant(s) / Date